John G. Kerkorian (012224)
kerkorianj@ballardspahr.com
Shayna Fernandez Watts (027342)
wattss@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:  602.798.5400
Facsimile:  602.798.5595
Attorneys for Defendants
Allstate Insurance Company, Bryan
McKinney, and Amber McKinney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| Adam Roth, an unmarried man,<br><br>  Plaintiff,<br><br>vs.<br><br>Allstate Insurance Company, an Illinois corporation; and Bryan McKinney and Jane Doe McKinney, husband and wife,<br><br>  Defendant. | NO.<br><br>**NOTICE OF REMOVAL**<br><br>(Removed from the Superior Court of the State of Arizona in and for the County of Pima, C20174909) |

Defendants Allstate Insurance Company ("Allstate"), Bryan McKinney, and Amber McKinney (collectively, "Defendants") remove this action from the Arizona Superior Court for the County of Pima to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1332 for the following reasons:

1. On October 11, 2017, Adam Roth filed an action in the Pima County Superior Court, State of Arizona entitled *Adam Roth v. Allstate Insurance Company, et al.* C20174909 (the "State Court Action").

2. Plaintiff alleges that "[t]his action arises out of an agency contract between Roth and Allstate for Roth's operation of a business as an Allstate agency in Pima County, Arizona, and out of actions taken by Allstate and McKinney in connection with Roth's transfer of his economic interest in the Allstate customer accounts developed under said agency contract." Compl. ¶ 6.

3. True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit A**.

4. Removal of this action to the United Stated District Court for the District of Arizona is proper pursuant to 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

5. At the time this action was commenced, and since then, Plaintiff has resided in and is a citizen of Pima County, Arizona. Compl. ¶ 1.

6. At the time this action was commenced, and since then, Defendant Allstate was and has been an Illinois corporation with its principle place of business in Illinois. *See* **Exhibit B**.

7. Bryan McKinney ("McKinney") and Amber McKinney[1] (collectively, the "McKinneys") were fraudulently joined.

8. Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (alteration in original). In such a case, the District Court may ignore the presence of a defendant for the purpose of establishing diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

9. In most cases, the focus will be on whether the plaintiff can "state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction." 13f c. *Wright & A. Miller et al.*, Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.).

10. Plaintiff has not and cannot state a colorable claim against the McKinneys.

---

[1] The Complaint does make any substantive allegations against Amber McKinney. Ms. McKinney was named solely "as a defendant to join McKinney's marital community." Compl. ¶ 5.

11. Count I, Plaintiff's claim for Breach of the Covenant of Good Faith and Fair Dealing, is only alleged against Allstate because, notably, the McKinneys are not signatories to any contract with Plaintiff.

12. Count II alleges that McKinney interred with his contractual relationships or business expectancies by telling potential buyers that Allstate would not approve them as buyers or that the Book of Business was not for sale (Compl. 52-57) and Plaintiff asserts that McKinney's conduct "…was done in the course and scope of his employment by Allstate…" *See* Compl. ¶ 74.

13. Plaintiff and Allstate however entered into an Exclusive Agency Agreement which provides: "The Company retains the right in its exclusive judgment to approve or disapprove such a transfer." *See* **Exhibit C** at XVI. B**.**

14. As a matter of law, exercising this contractual right cannot constitute tortious interference with Plaintiff's business relationship or expectation and Count II fails. *Stephenson v. Allstate Insurance Company*, 141 F. Supp. 2d 784 (E.D. Mich. 2001), aff'd 328 F.3d 822 (6th Cir. 2003) (granting summary judgment in favor of defendant Allstate Insurance Company on the plaintiff's claim of tortious interference with contract, as well as on an additional state law claim based of Allstate's right to approve purchases of Book of Business in Agency Agreement); *see also Steinberger v. Me Vey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 318 P.3d 419 (App. 2014)(discussing the circumstances under which a borrower may sue a lender for negligent undertaking in connection with a loan modification, while "emphasiz[ing] that our holding is limited to the particular allegations in this case.")

15. Regarding Count III, Plaintiff has failed to state a colorable claim for negligent undertaking against the McKinneys because Plaintiff has not alleged any physical harm.

16. Arizona applies the Good Samaritan doctrine from § 323 of the Restatement (Second) of Torts (1965) to negligent undertaking claims outside of the mortgage context. *Thompson v. Sun City Community Hosp., Inc.*, 141 Ariz. 597, 608, 688

P.2d 605, 616 (1984). The Arizona Supreme Court has not extended this theory beyond its express limitation to physical harm because to do so would greatly transform the law of contracts.

17. Count IV for Arizona Consumer Fraud is predicated upon two statements allegedly made by Bryan McKinney in July 2016 and September 2016, respectively. Compl. ¶¶ 67, 24, 32.

18. Arizona's Consumer Fraud Statute has a one year statute of limitations. Ariz. Rev. Stat. § 12-541(5).

19. Because Plaintiff did not file his claim regarding the July and September 2016 statements until October 11, 2017, Plaintiff's claim against the McKinneys for consumer fraud is time barred and must fail.

20. Plaintiff thus has failed to state a cause of action against a resident defendant, here the McKinneys, and the failure is obvious according to the settled rules of the state.

21. Because Plaintiff is a citizen of Arizona and Allstate is a citizen of Illinois, and because, Bryan and Amber McKinney are fraudulently joined individuals, complete diversity exists.

22. The amount in controversy exceeds $75,000 because Plaintiff claims damages of $175,000.00 based on the difference between what Plaintiff alleges he sold his business for ($450,000.00) and what he alleges he could have sold his business for ($625,000.00). Compl. ¶¶40, 73.

23. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to this action are alleged to have occurred in this federal district.

24. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Plaintiff served the McKinneys on November 4, 2017 and Allstate on November 9 and 15, 2017. *See* **Exhibit D.**

25. Defendants have served a copy of this Notice of Removal on Plaintiff in accordance with 28 U.S.C. § 1446(d).

26. A copy of the Notice of Filing of the Notice of Removal to the United States District Court as filed in the State Court Action is attached hereto as **Exhibit E**.

27. Defendants reserve the right to submit additional evidence supporting this Notice of Removal should Plaintiff move to remand.

WHEREFORE, Defendants request that the above-captioned action, currently pending in the Pima County Superior Court, State of Arizona, be removed to this Court, which shall assume full jurisdiction over it as provided by law.

RESPECTFULLY SUBMITTED this 4th day of December, 2017.

BALLARD SPAHR LLP


By: /s/ Shayna Fernandez Watts
John G. Kerkorian
Shayna Fernandez Watts
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Attorneys for Defendants
Allstate Insurance Company, Bryan McKinney, and Amber McKinney

**CERTIFICATE OF SERVICE**

I certify that on the 4th day of December, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

/s/Ch*ristina M. Revering*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400