# EXHIBIT A




### Pima County Clerk of Superior Court
### Tucson, Arizona

| | |
|---|---|
| Receipt Number: | 2880353 |

| | | | | |
|---|---|---|---|---|
| Received for: | Mark Heckele | Date: | 10/11/2017 |
| Received from: | Mark Heckele | Case Number: | C20174909 |
| Amount Received: | $247.00 | Clerk Number: | 1,738 |

Caption:     ADAM ROTH VS. ALLSTATE INSURANCE COMPANY ET AL.

Cash: $0.00          Check:  $0.00          Charge: $0.00          ACH: $247.00

*Begin Financial Docket*

 Civil Complaint                                      $247.00     PAID

*End Financial Docke*

Change Returned:  $0.00

Amount Refunded:  $0.00

In the Superior Court of the State of Arizona
In and For the County of __Pima_____

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT

10/11/2017 12:21:27 PM

Case Number _____

*Delivery Date: October 11, 2017 12:21 PM MST*

DEPUTY

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Case No. C20174909
HON. SARAH R SIMMONS

Plaintiff's Attorney __Gerald Giordano_____

Attorney Bar Number __019097, AZ_____

Plaintiff's Name(s): (List all)

Adam Roth

Plaintiff's Address:

4007 E. Paradise Falls Dr. Suite 212, Tucson AZ 85712

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) __Allstate Insurance Company, Bryan McKinney, Jane Doe McKinney__

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order ☐ Provisional Remedy ☐ OSC
☐ Election Challenge ☐ Employer Sanction ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "eligible for commercial court" must appear in the caption of the original complaint.

## NATURE OF ACTION
(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort

☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____
**MEDICAL MALPRACTICE:**
☐ Physician M.D.     ☐ Hospital
☐ Physician D.O     ☐ Other

*AZturboCourt.gov Form Set #2370273*

**CONTRACTS:**
- ☐ Account (Open or Stated)
- ☐ Promissory Note
- ☐ Foreclosure
- ☐ Buyer-Plaintiff
- ☐ Fraud
- ☒ Other Contract (i.e. Breach of Contract)
- ☐ Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ Six to Nineteen Structures
  - ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
- ☐ Eminent Domain/Condemnation
- ☐ Eviction Actions (Forcible and Special Detainers)
- ☐ Change of Name
- ☐ Transcript of Judgment
- ☐ Foreign Judgment
- ☐ Quiet Title
- ☐ Forfeiture
- ☐ Election Challenge
- ☐ NCC- Employer Sanction Action (A.R.S. §23-212)
- ☐ Injunction against Workplace Harassment
- ☐ Injunction against Harassment
- ☐ Civil Penalty
- ☐ Water Rights (Not General Stream Adjudication)
- ☐ Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
- ☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ Declaratory Judgment
- ☐ Habeas Corpus
- ☐ Landlord Tenant Dispute- Other
- ☐ Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ Declaration of Factual Improper Party Status
- ☐ Vulnerable Adult (A.R.S. §46-451)
- ☐ Tribal Judgment
- ☐ Structured Settlement (A.R.S. §12-2901)
- ☐ Attorney Conservatorships (State Bar)
- ☐ Unauthorized Practice of Law (State Bar)
- ☐ Out-of-State Deposition for Foreign Jurisdiction
- ☐ Secure Attendance of Prisoner
- ☐ Assurance of Discontinuance
- ☐ In-State Deposition for Foreign Jurisdiction
- ☐ Eminent Domain– Light Rail Only
- ☐ Interpleader– Automobile Only
- ☐ Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ Employment Dispute- Discrimination
- ☐ Employment Dispute-Other
- ☐ Other (Specify) _____

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(h) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

AZturboCourt.gov Form Set #2370273

Attachment Page __1__ (of __1__ )

To <u>Civil Cover Sheet</u>

**ATTORNEY INFORMATION:**
ATTORNEY FILING:
Gerald Giordano
Bar Number: 019097, Issuing State: AZ
Law Firm: Giordano Spanier & Heckele, PLLC
Address: 4007 E. Paradise Falls Dr.
Suite 212
Tucson, AZ 85712
Telephone Number: (520) 352-0008
Email: carleen@reallawtucson.com


**ATTACHED DOCUMENTS LIST:**
Summons - Defendant #1
Summons - Defendant #2
Summons - Defendant #3
Certificate of Compulsory Arbitration
Complaint

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
10/11/2017 12:21:27 PM
BY: JIM ORR
DEPUTY

Person/Attorney Filing: Gerald Giordano
Mailing Address: 4007 E. Paradise Falls Dr. Suite 212
City, State, Zip Code: Tucson, AZ 85712
Phone Number: (520) 352-0008
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 019097, Issuing State: AZ
Attorney E-Mail Address: carleen@reallawtucson.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Adam Roth<br>Plaintiff(s),<br><br>V.<br><br>Allstate Insurance Company, et al.<br>Defendant(s). | Case No. ___C20174909___<br><br>**CERTIFICATE OF COMPULSORY<br>ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the

Local Rules of Practice for the Pima County Superior Court, and I further certify that

this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of

the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this *October 11, 2017*

By: *Gerald Giordano /s/*_____
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #2370273

12/30/2016 ver. 1

Person/Attorney Filing: Gerald Giordano
Mailing Address: 4007 E. Paradise Falls Dr. Suite 212
City, State, Zip Code: Tucson, AZ 85712
Phone Number: (520) 352-0008
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 019097, Issuing State: AZ
Attorney E-Mail Address: carleen@reallawtucson.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Adam Roth<br>Plaintiff(s), | Case No. C20174909 |
| | HON. SARAH R SIMMONS |
| V. | |
| Allstate Insurance Company, et al.<br>Defendant(s). | **SUMMONS** |

To: Allstate Insurance Company

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

12/30/2016 CAC

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  Pima_____   *October 11, 2017*_____.

*Toni L. Hellon*
Clerk of the Superior Court

By: *Jim Orr*_____
        Deputy Clerk



12/30/2016 CAC

Person/Attorney Filing: Gerald Giordano
Mailing Address: 4007 E. Paradise Falls Dr. Suite 212
City, State, Zip Code: Tucson, AZ 85712
Phone Number: (520) 352-0008
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 019097, Issuing State: AZ
Attorney E-Mail Address: carleen@reallawtucson.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

Adam Roth
Plaintiff(s),

V.

Allstate Insurance Company, et al.
Defendant(s).

Case No. C20174909

HON. SARAH R SIMMONS

**SUMMONS**

To: Bryan McKinney

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

12/30/2016 CAC

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Pima_____   *October 11, 2017*_____.

*Toni L. Hellon*
Clerk of the Superior Court

By: *Jim Orr*_____
      Deputy Clerk



AZturboCourt.gov Form Set #2370273

12/30/2016 CAC

Person/Attorney Filing: Gerald Giordano
Mailing Address: 4007 E. Paradise Falls Dr. Suite 212
City, State, Zip Code: Tucson, AZ 85712
Phone Number: (520) 352-0008
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 019097, Issuing State: AZ
Attorney E-Mail Address: carleen@reallawtucson.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

Adam Roth
Plaintiff(s),

V.

Allstate Insurance Company, et al.
Defendant(s).

Case No. _C20174909_

HON. SARAH R SIMMONS

**SUMMONS**

To: Jane Doe McKinney

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1.  A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

12/30/2016 CAC

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  Pima _____   *October 11, 2017* _____.

*Toni L. Hellon*
Clerk of the Superior Court

By: *Jim Orr* _____
          Deputy Clerk



FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
10/11/2017 12:21:27 PM

BY: JIM ORR
        DEPUTY

Case No. C20174909
HON. SARAH R SIMMONS

**GIORDANO SPANIER & HECKELE, PLLC**
4007 E. Paradise Falls Dr., Ste. 212
Tucson, Arizona 85712
(520) 352-0008
(520) 303-9944 fax
**Gerald F. Giordano**
SBN: 019097, PCCN: 65426
jerry@reallawtucson.com
**Mark W. Heckele**
SBN: 027588, PCCN: 66271
mark@reallawtucson.com

*Attorneys for Plaintiff Adam Roth*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| ADAM ROTH, an unmarried man, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| ALLSTATE INSURANCE COMPANY, an Illinois corporation; and BRYAN McKINNEY and JANE DOE McKINNEY, husband and wife, | Hon: |
| Defendants. | |

For his Complaint, Plaintiff Adam Roth alleges as follows:

### PARTIES AND JURISDICTION

1.     Plaintiff Adam Roth ("Roth") is an unmarried man residing in Pima County, Arizona.

2.     Defendant Allstate Insurance Company ("Allstate") is an Illinois corporation doing business in Pima County, Arizona.

3.      Defendant Bryan McKinney ("McKinney") is a man residing in Pima County, Arizona.

4.      McKinney has been employed by Allstate as a Field Sales Leader since June 2013.

5.      Jane Doe McKinney is the spouse of McKinney, if he be married, and is named herein as a defendant to join McKinney's marital community, if any.

6.      This action arises out of an agency contract between Roth and Allstate for Roth's operation of a business as an Allstate agency in Pima County, Arizona, and out of actions taken by Allstate and McKinney in connection with Roth's transfer of his economic interest in the Allstate customer accounts developed under said agency contract.

7.      Jurisdiction and venue are proper in this Court.

### GENERAL ALLEGATIONS

8.      On or about April 1, 2013, Roth and Allstate entered into an Allstate R3001S Exclusive Agency Agreement (the "Agency Agreement").

9.      The Agency Agreement incorporated by reference the Allstate Supplement for the R3001 Agreement, as amended from time to time (the "Supplement").

10.     The Agency Agreement incorporated by reference the Allstate Exclusive Agency Independent Contractor Manual, as amended from time to time (the "EA Manual").

11.     Pursuant to the Agency Agreement, Roth operated an Allstate insurance agency in Pima County, Arizona from April 2013 until approximately November 1, 2016.

12.     McKinney was the Allstate Field Sales Leader responsible for supervising the relationship between Allstate and Roth.

13.     Pursuant to § XVI(B) of the Agency Agreement, Roth had an economic interest in the Allstate customer accounts developed under the Agency Agreement (the "Book of Business").

14.     Pursuant to § XVI(B) of the Agency Agreement, and subject to the terms and conditions set forth therein and in the Supplement and the EA Manual, Roth had the right to transfer his entire economic interest in the Book of Business to an approved buyer.

15.     On or about March 23, 2016, Allstate informed Roth that it was terminating the Agency Agreement effective July 1, 2016.

16.     Allstate subsequently extended the date of termination of the Agency Agreement.

17.     In approximately late March or April 2016, McKinney, acting on behalf of Allstate, offered and undertook to assist Roth in the sale of the Book of Business.

18.     Sales of agents' economic interest in Allstate customer accounts such as the Book of Business are typically valued based on a multiplier applied to the agency's annual commission.

19.     In 2015 and 2016, the annual commission relating to the Book of Business was approximately $250,000.

20.     Between approximately April and October, 2016, Roth negotiated with several prospective purchasers of the Book of Business, including Craig Pretzinger ("Pretzinger"), Gabe Dooling ("Dooling"), Shannon Burke ("Burke"), and Arash Tony Ramani ("Ramani").

21.     In or around June or July 2016, Burke offered to buy the Book of Business for approximately $500,000.

22.     In or about July 2016, Ramani offered to buy the Book of Business for approximately $625,000.

23.     Shortly after receiving Ramani's offer, Roth contacted McKinney to obtain information regarding an appropriate multiplier applicable to Roth's sale of the Book of Business.  McKinney never responded to this inquiry.

24.     Before or during Roth's negotiations with Ramani, McKinney told Ramani that Allstate would not approve Burke as a potential buyer.

25.     Before or during Roth's negotiations with Ramani, McKinney told Ramani that Allstate would not approve any buyer of the Book of Business other than Ramani.

26.     Before or during Roth's negotiations with Ramani, McKinney told Ramani that Allstate was forcing Roth to sell the Book of Business by October 1, 2016.

27.   In or around July 2016, Roth countered Ramani's offer by proposing sale of the Book of Business to Ramani for a multiplier of 2.8 (approximately $700,000).

28.   Ramani responded to Roth's counter by stating that he was unwilling to pay more than a multiplier of 2.5, because McKinney had told Ramani that Allstate would not approve Burke.

29.   In or around June 2016, Dooling discussed with Roth the purchase of the Book of Business for a multiplier of 2.5 (approximately $625,000), but Dooling stated that he was dissuaded from pursuing such purchase because he had been told by Allstate that he would not be approved.

30.   In or around July 2016, a potential purchaser of the Book of Business named James Winger ("Winger") contacted McKinney inquiring about the availability of an Allstate book of business in the Tucson area, and was told by McKinney that there was no such book of business available.

31.   On September 15, 2016, Roth offered to sell the Book of Business to Ramani for a multiplier of 2.5 (approximately $625,000).

32.   Ramani responded to Roth's September 15, 2016 offer by reducing Ramani's prior offer to a multiplier of 2.2 (approximately $550,000), explaining that McKinney had told Ramani that Ramani was the only person Allstate would approve and that Allstate was forcing Roth to sell the Book of Business by October 1, 2017.

33.     In late September 2016, Roth contacted Pretzinger regarding purchase of the Book of Business, and Pretzinger offered to buy the Book of Business for a multiplier of 2.2 (approximately $550,000).

34.     Pretzinger had previously been interested in buying the Book of Business, but had been dissuaded from negotiation because McKinney told him that Allstate would not approve Pretzinger.

35.     On or about September 27, 2016, Ramani made a written offer to buy the Book of Business for $500,000, which offer required Roth to carry back a subordinated note for $100,000.

36.     On or about September 30, 2016, Pretzinger and Roth entered into a written agreement for sale of the Book of Business for $525,000.

37.     Allstate did not approve purchase of the Book of Business by Pretzinger.

38.     On or about October 3, 2016, Burke made a written offer to buy the Book of Business for $450,000.

39.     Allstate approved Burke's purchase of the Book of Business.

40.     Burke ultimately purchased the Book of Business for $450,000 on or about November 1, 2016.

## COUNT I
### BREACH OF THE CONVENANT OF GOOD FAITH
### AND FAIR DEALING
### (Against Allstate Only)

41.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42.    Arizona law implies a covenant of good faith and fair dealing in every contract, including the Agency Agreement.

43.    Under the Agency Agreement, Roth had a reasonable expectation that Allstate would cooperate in Roth's sale of the Book of Business and that Allstate would not take actions to unreasonably hinder or prevent such sale.

44.    Allstate breached the covenant of good faith and fair dealing by failing to cooperate in Roth's sale of the Book of Business and unreasonably hindering or interfering with Roth's negotiation of such sale, including but not limited to the following actions:

    a.    McKinney's failure to respond to Roth's inquiry regarding an appropriate multiplier applicable to Roth's sale of the Book of Business.

    b.    McKinney's telling Ramani that Allstate would not approve Burke as a potential buyer of the Book of Business.

    c.    McKinney's telling Ramani that Ramani was the only person Allstate would approve and that Allstate was forcing Roth to sell the Book of Business by October 1, 2016.

    d.    Allstate telling Dooling that Allstate would not approve Dooling's purchase of the Book of Business.

    e.    McKinney's telling Pretzinger that Allstate would not approve Pretzinger's purchase of the Book of Business.

    f.    Allstate's refusal to approve Pretzinger's purchase of the Book of Business.

g.   McKinney's telling Winger that no Allstate book of business was available for purchase in the Tucson area.

45.   To the extent that the Agency Agreement gave Allstate discretion to take such actions, Allstate's exercise of such discretion was inconsistent with Roth's reasonable expectations and had an adverse effect on Roth's reasonably expected benefits of the bargain.

46.   Roth was damaged by Allstate's breach of the covenant of good faith and fair dealing.

47.   On information and belief, but for Allstate's breach of the covenant of good faith and fair dealing, Roth would have been able to sell the Book of Business for a multiplier of not less than 2.5 (not less than approximately $625,000).

48.   Allstate is liable for Roth's reasonable attorneys' fees incurred in this action pursuant to A.R.S. § 12-341.01(A).

## COUNT II
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP OR BUSINESS EXPECTANCY
#### (Against All Defendants)

49.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.   Plaintiff had a valid contractual relationship or business expectancy regarding sale of the Book of Business with each of Burke, Pretzinger, Ramani, Dooling, and Winger.

51.     Allstate and McKinney knew of the contractual relationship or business expectancy regarding sale of the Business between Roth and each of Burke, Pretzinger, Ramani, Dooling, and Winger.

52.     Allstate and McKinney intentionally interfered with the contractual relationship or business expectancy between Roth and Burke, inducing or causing a breach of that relationship or expectancy resulting in a substantially lower price for Roth's sale of the Book of Business to Burke.

53.     Allstate and McKinney intentionally interfered with such contractual relationship or business expectancies between Roth and Pretzinger, inducing or causing a breach or termination of the relationship or expectancy.

54.     Allstate and McKinney intentionally interfered with such contractual relationship or business expectancy between Roth and Ramani, inducing or causing a breach or termination of that relationship or expectancy.

55.     Allstate intentionally interfered with such contractual relationship or business expectancy between Roth and Dooling, inducing or causing a breach or termination of that relationship or expectancy.

56.     Allstate intentionally interfered with such contractual relationship or business expectancy between Roth and Winger, inducing or causing a breach or termination of that relationship or expectancy Roth was damaged by such intentional interference with contractual relationship or business expectancy.

57.     On information and belief, but for the intentional interference of Allstate and McKinney, Roth would have been able to sell the Book of Business for a multiplier of not less than 2.5 (not less than approximately $625,000).

58. The intentional interference of Allstate and McKinney was improper in the circumstances.

59. The marital community of McKinney and Jane Doe McKinney, if McKinney is married, is liable pursuant to this Count II because McKinney's tortious conduct as alleged in this Count II was done in the course and scope of his employment by Allstate for the benefit of said marital community.

## COUNT III
## NEGLIGENT UNDERTAKING
### (Against All Defendants)

60. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

61. Allstate and McKinney undertook to render services to Roth in connection with the sale of the Book of Business, which Allstate and McKinney should have recognized as necessary for the protection of Roth's economic interest in the Book of Business.

62. Allstate and McKinney's failure to exercise reasonable care in the protection of Roth's economic interest in the Book of Business increased the risk of harm to Roth of receiving a low price for the sale of such Book of Business.

63. Roth was harmed by Allstate and McKinney's failure to exercise reasonable care in that, on information and belief, but for such failure, Roth would have been able to sell the Book of Business for a multiplier of not less than 2.5 (not less than approximately $625,000).

64.     Allstate and McKinney are liable to Roth for negligent undertaking within the meaning of § 323 of the Restatement (Second) of Torts as interpreted under Arizona law.

65.     The marital community of McKinney and Jane Doe McKinney, if McKinney is married, is liable pursuant to this Count III because McKinney's tortious conduct as alleged in this Count III was done in the course and scope of his employment by Allstate for the benefit of said marital community.

## COUNT IV
### CONSUMER FRAUD (A.R.S. §§ 44-1521 *et seq.*)
### (Against All Defendants)

66.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.     McKinney misrepresented to Ramani that: (1) Allstate would not approve Burke as a potential buyer of the Book of Business, and (2) Ramani was the only person Allstate would approve for purchase of the Book of Business (hereinafter, "the Misrepresentations").

68.     McKinney made the Misrepresentations in the course and scope of his employment by Allstate.

69.     The Misrepresentations made by McKinney constitute misrepresentations in connection with the sale or advertisement of merchandise within the meaning of the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521 *et seq.*

70.     Arizona law provides a private right of action for a person injured by violation of the Arizona Consumer Fraud Act, *see, e.g., Murray v. Farmers Ins. Co. of Arizona*, 239 Ariz. 58, 366 P.3d 117 (App. 2016).

71.     Ramani passed along the Misrepresentations to Roth.

72.     Roth relied on the Misrepresentations by limiting his efforts to sell the Book of Business to alternative potential buyers.

73.     Roth was harmed by his reliance on the Misrepresentations in that, on information and belief, but for such Misrepresentations, Roth would have been able to sell the Book of Business for a multiplier of not less than 2.5 (not less than approximately $625,000).

74.     The marital community of McKinney and Jane Doe McKinney, if McKinney is married, is liable pursuant to this Count IV because McKinney's tortious conduct as alleged in this Count IV was done in the course and scope of his employment by Allstate for the benefit of said marital community.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     For compensatory damages;

B.     For prejudgment interest on Plaintiff's compensatory damages as allowed by law;

C.     For reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A) or other applicable law;

D.     For taxable costs pursuant to A.R.S. § 12-341 or other applicable law;

E.      For post-judgment interest; and

F.      For such other and further relief as the Court may deem just and

proper.

RESPECTFULLY SUBMITTED this _11th_ day of October, 2017.

**GIORDANO SPANIER & HECKELE PLLC**

/s/ Gerald F. Giordano
Gerald F. Giordano
Mark W. Heckele
*Attorneys for Plaintiff*

Person/Attorney Filing: Gerald Giordano
Mailing Address: 4007 E. Paradise Falls Dr. Suite 212
City, State, Zip Code: Tucson, AZ 85712
Phone Number: (520) 352-0008
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 019097, Issuing State: AZ
Attorney E-Mail Address: carleen@reallawtucson.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

Adam Roth
Plaintiff(s),

Case No. C20174909

HON  SARAH R SIMMONS

V.

Allstate Insurance Company, et al.
Defendant(s).

**SUMMONS**

To: Allstate Insurance Company

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

12/30/2016 CAC

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Pima_____ *October 11, 2017.*_____.

*Toni L. Hellon*
Clerk of the Superior Court

By: *Jim Orr*_____
        Deputy Clerk



12/30/2016 CAC

FILED
TONI L. HELLON Certificate of Service
CLERK, SUPERIOR COURT

'2017 NOV -8 PM 3: 55 (Plantiff)

BY: J. ORR, DEPUTY

Roth

vs

Allstate                              (Defendant)

In the Superior Court of the State of Arizona
In and for the County of Pima
Case #: C2017 4909

Eric Boxley, being duly sworn, states: the s/he is duly qualified to serve process
in this cause within the county in which it was served, having been so appointed by the court.

**Service upon:** Jane Doe McKinney, wife of Bryan McKinney

**With the document(s):** Summons, Complaint & Certificate of Compulsory Arbitration

From Giordano Spanier and Heckele PLLC, 4007 E Paradise Falls Dr. #212, Tucson AZ ;

That s/he personally served copies of these documents on those named in the manner,
time and place shown; and except where noted all services were made in Pima County, Arizona

| By serving | Bryan McKinney | Spouse |
|---|---|---|
| | (Name) | (Relationship) |

at  [X] Home   [ ] Business   [ ] Other

12372 N. Pathfinder Dr                    Tucson, AZ
(Street Address)                          (City, State, Zip Code)

On   11-4-17   at   8:06pm   .
     (Date)        (Time)

Manner of Service:

[X] By personally delivering copies to the person/authorized agent of entity being served.

I spoke to Bryan McKinney on the 'audio' doorbell. I told him who I was and what I had for him.
He asked if I would leave the docs under the mat on the front porch, so I did.

I declare that under penalty of perjury that the
information contained herein is true and correct.

_signature_                    11/7/17
Eric Boxley                    Date
Certified Process Server, PS#332
Pima County, AZ

### Statement of Costs

| | | |
|---|---|---|
| Service | $ | 16 |
| Mileage | $ | |
| Doc Prep | $ | 5 |
| Locate | $ | |
| Other | $ | |
| Total | $ | 21 |

**FIRST CLASS SERVICE**
(520) 401-4676

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT

2017 NOV -8  PM 3: 54

BY: ____ OPP DEPUTY

## Certificate of Service

| Roth | (Plantiff) |
| vs | |
| Allstate | (Defendant) |

In the Superior Court of the State of Arizona
In and for the County of Pima
Case #: C2017 4909

Eric Boxley, being duly sworn, states that s/he is duly qualified to serve process
in this cause within the county in which it was served, having been so appointed by the court.

**Service upon:**  Bryan McKinney
**With the document(s):**  Summons, Complaint & Certificate of Compulsory Arbitration

From <u>Giordano Spanier and Heckele PLLC, 4007 E Paradise Falls Dr. #212, Tucson AZ</u> ;
That s/he personally served copies of these documents on those named in the manner,
time and place shown; and except where noted all services were made in Pima County, Arizona

| By serving | Bryan McKinney | Self |
| | (Name) | (Relationship) |

at  [X] Home   [ ] Business   [ ] Other

12372 N. Pathfinder Dr                    Tucson, AZ
(Street Address)                          (City, State, Zip Code)

On    11-4-17    at    8:06pm    .
(Date)              (Time)

Manner of Service:

[X] By personally delivering copies to the person/authorized agent of entity being served.

I spoke to Bryan McKinney on the 'audio' doorbell. I told him who I was and what I had for him.
He asked if I would leave the docs under the mat on the front porch, so I did.

I declare that under penalty of perjury that the
information contained herein is true and correct.

_____        11/7/17
Eric Boxley                           Date
Certified Process Server, PS#332
Pima County, AZ

### Statement of Costs

| | | |
|---|---|---|
| Service | $ | 16 |
| Mileage | $ | 54 |
| Doc Prep | $ | 5 |
| Locate | $ | |
| Other | $ | |
| Total | $ | 75 |

**FIRST CLASS SERVICE**
(520) 401-4676

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

Inv. #

**121142**

FILED
TONI L. MELLON
CLERK SUPERIOR COURT
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA** 2017 NOV 20 PM 4: 15
**IN AND FOR THE COUNTY OF PIMA**

**ADAM ROTH**

Plaintiff / Petitioner,

BY: J. ORR, DEPUTY

vs.

**ALLSTATE INSURANCE COMPANY; et al.**

Defendant / Respondent.

NO. **C20174909**
CERTIFICATE OF SERVICE

Geoffrey Roberts _____, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVER SHEET**

from                **First Class Service**                        on        **11/9/17**        ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**    **ALLSTATE INSURANCE COMPANY, c/o Arizona Department of Insurance**

**DATE & TIME:** 11/9/17 4:12pm
**PLACE &**    2910 N. 44TH STREET  STE.210  PHOENIX, AZ 85018, which is his/her place of business.
**MANNER:**    By serving Yuliana Salinas, Fiscal Service Specialist, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 30's, Ht: 5' 4in., Wt: 190, Eyes: brown, Hair: black, Ethnicity: Hisp.

Statement of Cost
Service      16
Mileage      54
Doc Prep      5
Advances     20
            $ 95

Affiant, Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

(Giordano - 1st Class)