# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Roth,<br><br>        Plaintiff,<br><br>v.<br><br>Allstate Insurance Co., *et al.*,<br><br>        Defendants. | No. 17-CV-00587-TUC-FRZ<br><br>**ORDER**<br><br>This case is subject to the Mandatory Initial Discovery Pilot. *See* Doc. 4. |

Accordingly, IT IS ORDERED that:

1. All parties must comply with the rules of this Court.[1] Violations of court orders or failure to litigate in compliance with the rules may result in dismissal of all or part of a case, the imposition of sanctions, or perfunctory disposition of pending matters.[2]

2. The Court will not extend deadlines absent good cause.[3] Any motion for leave to amend must be filed in accordance with LRCiv 15.1, and all electronic filings must be filed in a PDF text-searchable format in accordance with LRCiv 7.1(c).[4]

3. The parties must confer — pursuant to Fed.R.Civ.P. 26(f) — within 21 days to discuss: (i) any matters related to jurisdiction, venue, or joinder; (ii) initial disclosures; (iii) discovery; (iv) a schedule for all pre-trial procedures; (v) potential modifications to pre-trial procedures due to the specifics of the case; (vi) all prospects for settlements; and (vii) any matters which counsel feel will help efficiently & justly resolve this case.

---

[1] Both counsel and litigants must follow the District of Arizona Local Rules of Civil Procedure ("LRCiv") and the United States Federal Rules of Civil Procedure ("Fed.R.Civ.P."). *See*, *e.g.*, *Brinkman v. Ryan*, No. 14-CV-2093 (D. Ariz., August 2, 2016) (establishing an adjudicative framework that construes "Rules" "of procedure as to effectuate justice").

[2] *See* Fed.R.Civ.P. 41; *see also*, LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Rules], or if the opposing party does not serve and file the required answering memoranda [the] Court may dispose of the motion summarily"). Further, the Court may strike any filing that does not comply with the Rules.

[3] *See Soilworks, LLC v. Midwest Indus. Supply, Inc.*, No. 06-CV-2141 (D. Ariz., March 5, 2008) (holding that settlement negotiations do not constitute "good cause" to extend a deadline); *see also*, *Hernandez v. Rivera*, No. 16-CV-00343 (D. Ariz., October 17, 2016) (tacitly instructing that efforts for peaceful resolution through settlement negotiations should be ongoing).

[4] *See*, *e.g.*, *The 10 Most Frequent Violations of the Rules of Practice* (D. Ariz., Rev. July 15, 2013) ("Local rules are 'laws of the United States' ") (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958) (Whittaker, J.)).

4. The parties must file a joint *Case Management Report* within 10 days after the Rule 26 Conference that includes:[5]

    i. The jurisdictional basis of the case, citing specific statutes;

    ii. The Nature of the Case: further elucidating the factual and legal basis of each of Plaintiff's claims and Defendants' defenses; [6]

    iii. The specific Factual Issues genuinely in dispute, and whether any issues can be narrowed by stipulation or motions;

    iv. The specific Legal Issues genuinely in dispute, and whether any issues can be narrowed by stipulation or motions;

    v. The parties, if any, that have not been served;

    vi. The names of parties not subject to the Court's jurisdiction;

    vii. Whether dispositive or partially dispositive issues can be decided by pre-trial motions;

    viii. Whether the case is suitable for reference to arbitration, to a master, or to a for trial;

    ix. The status of all related or relevant cases pending before other adjudicators;

    x. The prospects for settlement — including: (1) why or why not each party wishes to have a settlement conference with a judge or magistrate; and (2) how settlement efforts can be assisted by the Court;

    xi. The extent and nature of discovery, and whether discovery should be conducted in phases or limited to or focused upon particular issues;

    xii. A discussion of any issues related to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced;

    xiii. A discussion of any issues relating to claims of privilege or work product;

    xiv. A statement of when the parties served their MIDP discovery responses, and whether the parties anticipate or experienced any problems in producing the MIDP initial discovery responses and, if so, a concise description of those issues;

    xv. Whether a jury trial is appropriate;

    xvi. Proposed deadlines for: (a) completing discovery; (b) filing dispositive motions; (c) pretrial disclosure of witnesses and expert testimony pursuant to Rule 26(a)(2) and (3); and (d) lodging a proposed joint pretrial order; (e) a date by which the parties shall have engaged in face-to-face good faith settlement talks; and (f) for a Pretrial Scheduling Conference;[7]

    xvii. Estimated length of trial;

    xviii. All matters which counsel feel will aid in an efficient & just resolution.

---

[5] The parties are jointly responsible for initiating the communication necessary to prepare this filing.

[6] Included, the parties must list of the elements of proof necessary for each count of the Complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of elements of proof must contain citations to relevant legal authority (*i.e.*, United States Supreme Court cases, Ninth Circuit Court of Appeals cases, Arizona State case and statutory law, or other authority as dictated by law).

[7] If the parties believe that discovery will require more than four months, counsel must provide an explanation showing why a lengthier period for discovery is necessary.

5. Plaintiff must offer an initial written settlement with a descriptive damages computation at least 2 days before the joint *Case Management Report* is due, and Defendants must respond in writing within 5 days.[8]

6. Once court ordered disclosure pursuant to General Order 17-08 has been completed, each party must provide notice of compliance.[9]

7. Motions to dismiss filed without a notice that the parties met and considered the Fed.R.Civ.P. 15 standard and costs of pretrial motions will be perfunctorily denied.[10]

8. The parties must provide a "*Joint Case Status Update*" 3 days before the Pretrial Scheduling Conference[11] that reflects recent developments in settlement efforts and provides *compelling reasons* whether LRCiv 83.10 should be applicable.[12]

9. Parties cannot file written discovery motions without leave of court. Request for leave must come only after sincere efforts to resolve the matter through in-person consultation.[13]

10. Before filing any motion for summary judgment the parties must exchange 2-pg. letters describing the anticipated motions and responses, identifying the issues and claims on which summary judgment will be sought, and the legal basis for the motions and responses. After consulting, the parties must file these letters with the Court and request a pre-motion conference. The purpose of the conference will be to narrow issues and focus the briefing.

---

[8] *See* William W. Schwarzer, *et al.*, *The Elements of Case Management,* FEDERAL JUDICIAL CENTER (3rd Ed. 2017) (explaining that "Judges should focus attention on [cognizable damages] early because it is crucial to [preventing] plunging into litigation without making a cost–benefit calculation. [The written demand provides] a "reality check" about settlement [and focuses] attention on what would be an acceptable outcome for the [parties]."); *see also*, Judge Susan J. Dlott, *Standing Order on Civil Procedures*, at pg. 2 (S.D. Ohio, May 2014).

[9] Chief Judge Raner C. Collins, *General Order 17-08* (D. Ariz., April 14, 2017) ("The discovery obligations addressed in this General Order supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery ….").

[10] LRCiv 12.1(c) ("No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or motion for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. [A] motion that does not contain the required certification may be stricken summarily.").

[11] *See* Schwarzer, *supra*, n. 8 at pgs. 3-7 ("The conference should be a moment of truth for the pleader and an opportunity for thoughtful discussion among the parties. [Once] federal jurisdiction has been established, the most important function of the conference is the identification of pivotal issues.").

[12] 28 U.S.C. § 652; *see also, id.*, at pg. 8 ("It is useful for a judge to inquire about settlement whenever meeting with the lawyers. [Parties] are often interested in settling (particularly in view of the rising cost of litigation), but may consider raising the subject an admission of weakness. A judge's questions offer a graceful opening.").

[13] LRCiv 7.2(j); *see also*, *Don v. Omni Hotel Management*, 16-CV-599, at fn 2 (April 28, 2017) ("Years of experience has taught that the physical presence, rather than the availability by telephone, of those individuals with the authority to settle [disputes] substantially increases the likelihood of settlement and leads to more meaningful negotiations.") (quoting *Mobley v. Rochester*, No. 14-CV-2052 (May 18, 2016)).

IT IS FURTHER ORDERED that Defendant's motion (Doc. 7) is DENIED because it fails to comply with the Rules of this Court, *see supra*, at pg. 3, #7 & n. 10; and is therefore STRICKEN from the record.

Dated this 12th day of December, 2017.

_____
Honorable Frank R. Zapata
Senior United States District Judge